**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | RICHARD F. FOSNOT | : Chapter 13 |
| | | : |
| | Debtor(s) | : Bky. No. 09-16267 ELF |

# O R D E R

**AND NOW,** the Debtor having commenced this chapter 13 case on August 22, 2009;

**AND**, Residential Capital Money Purchase Plan Trust ("Residential") having filed a motion for relief from the automatic stay ("the Motion") on November 13, 2009;

**AND**, the Debtor having filed a response to the Motion;

**AND**, after an initial continuance (by agreement of the parties), the court having held a hearing on the Motion on January 7, 2010;

\* \* \* \*

**AND**, the Debtor being the co-owner of the real property located at 101 Grouse Court, North Wales, PA ("the Property");

**AND**, the Property being subject to two (2) mortgages;

**AND**, the holder of the first mortgage, acting through Vericrest Financial, Inc., As Servicer, having filed a proof of claim in the amount of $229,992.79, with prepetition arrears of $22,687.14 ("the Vericrest Secured Claim");

**AND**, the holder of the second mortgage, Residential having filed a proof of claim in the amount of $151,924.27, with prepetition arrears of $93,117.84 ("the Residential Secured Claim");

-1-

**AND**, in the Residential Secured Claim, Residential acknowledging that the fair market value of the Property is $535,000.00, the same amount disclosed by the Debtor in his bankruptcy Schedule "A;"

**AND**, the Debtor's counsel stating that it is the Debtor's intention to file an objection to the Residential Secured Claim;

**AND**, the United States, Internal Revenue Service having filed a proof of claim asserting that it holds, <u>inter alia</u>, a priority claim of $19,683.30 ("the IRS Priority Claim");

\* \* \* \*

**AND**, the Debtor's chapter 13 plan ("the Plan") providing that the Debtor will make 60 monthly plan payment of $2,000.00 for a total of $120,000.00;

**AND**, a total of $8,000.00 in plan payments having fallen due under the plan for the months of September through December 2009;[1]

**AND**, as of the hearing date, the Debtor having paid the Chapter 13 Trustee $6,500.00;

\* \* \* \*

**AND**, the Plan providing for:

    (a) full payment of all priority claims;

    (b) "[f]ull payment of the pre-petition arrearage on the claims of . . . Vericrest [and] Residential;" and

---

[1] As of the date of the hearing on the Motion, the Debtor's January 2010 plan payment was not yet due.

(c) a pro rata distribution to the holders of allowed unsecured claims;

**AND**, 11 U.S.C. §1322(b)(5) providing that a chapter 13 plan may provide for "the curing of any default" and the "maintenance of payments while the case is pending;"

**AND**, it being undisputed that the Debtor has not maintained regular monthly payments to Residential during the pendency of this bankruptcy case;

**AND**, notwithstanding the plain language of the Plan, the Debtor asserting in his response to the Motion that the Plan is intended "to pay the entire mortgage [held by Residential] through the plan;"

**AND**, regardless whether the Plan provides for a cure of the prepetition default under the mortgage held by Residential, see 11 U.S.C. §1322(b)(5), or full payment of Residential's allowed secured claim, see id. §1325(a)(5), the Plan presently being underfunded and incapable of being confirmed, absent a reduction in the total amount of the allowed priority and secured claims (either by agreement or through claim objection litigation);

**AND**, both the Chapter 13 Trustee and Residential having filed objections to confirmation of the Plan;

**AND**, a hearing on confirmation of the Plan presently being scheduled for **January 26, 2010**;

\* \* \* \*

**AND**, based on the Debtor's failure to maintain monthly payments and the present unconfirmability of the Debtor's chapter 13 plan, Residential asserting that "cause" exists for relief from the automatic stay under 11 U.S.C. §362(d)(1);

**AND**, under §362(d)(1), evidence of a debtor's post-petition default in mortgage payments meeting a mortgagee's initial burden of production in establishing "cause" for relief from the automatic stay, whereupon the burden then shifts to the debtor to rebut the creditor's prima facie case, such as by establishing that the creditor's interest is "adequately protected;"[2]

**AND**, Residential having met its initial burden of production to establish cause for relief from the automatic stay based on the undisputed fact that the Debtor has made no post-petition monthly instalment payments to Residential;

**AND**, the burden of proof being on the Debtor to establish that Residential's interest in the Property is adequately protected;

\* \* \* \*

**AND**, based on the value of the Property ($535,000.00) and the amount of the secured claims encumbering the Property ($381,917.06),[3] there being a substantial equity cushion that adequately protects Residential's interest in the Property for the limited amount of time necessary to determine whether the Debtor can obtain confirmation of a chapter 13 plan;

**AND**, therefore, Residential not having established cause for granting relief from the automatic stay under 11 U.S.C. §362(d)(1);

---

[2] See, e.g., In re Dupell, 235 B.R. 783, 789 (Bankr. E.D. Pa. 1999); In re Hinchliffe, 164 B.R. 45, 48-49 (Bankr. E.D. Pa. 1994); In re Morysville Body Works, Inc., 86 B.R. 51, 57-58 (Bankr. E.D. Pa. 1988); In re Skipworth, 69 B.R. 526, 527-28 (Bankr. E.D. Pa. 1987); see also 11 U.S.C. §362(g)(2) (burden of proof on adequate protection is on the party opposing relief).

[3]  $229,992.79   (Vericrest Secured Claim)
  + $151,924.27   (Residential Secured Claim)
    $381,917.06)

\* \* \* \*

**AND**, the primary purpose of the automatic stay in a chapter 13 case being to stay creditors in order to provide the debtor with the opportunity to obtain confirmation of a chapter 13 plan;

**AND**, in light of the Plan presently being underfunded and unconfirmable, there being some doubt regarding the Debtor's ultimate ability to achieve confirmation of a chapter 13 plan;

**AND**, even though Residential's interest in the Property presently is adequately protected, given the purpose of the automatic stay and the uncertainty regarding the Debtor's ability to obtain confirmation of a plan, it being appropriate for the court be proactive in the management of this chapter 13 case;

It is hereby **ORDERED** that:

1. The Motion is **GRANTED IN PART AND DENIED IN PART**.

2. Residential's request for relief from the automatic stay effective immediately is **DENIED**, subject to Paragraphs 4.a. and 5.d. below,

3. Any objections that the Debtor may file to the IRS Priority Claim, the Vericrest Secured Claim or the Residential Secured Claim shall be filed **on or before January 22, 2010**.

4. If no objections are filed timely pursuant to Paragraph 3 above:

    a. effective **January 23, 2010,** the automatic stay under 11 U.S.C. §362(a) is modified to permit Residential to exercise its rights and remedies under applicable nonbankruptcy law to foreclose on and obtain possession of the Property; and

    b. Residential may file a certification that no objections have been filed and a proposed order for the court's consideration, confirming that the automatic stay has been

      terminated as to Residential with respect to the Property.

5. If an objection to proof of claim is filed timely pursuant to Paragraph 3 above:

    a. the hearing(s) on such objection(s) shall be held on **February 23, 2010, at 1:00 p.m. in Bankruptcy Courtroom No. 1, 900 Market Street, Philadelphia, PA**.

    b. the Debtor shall serve the objection(s) provide notice of the hearing(s) in accordance with L.B.R 3007-1 and L.B.F. 3007-1.

    c. the confirmation hearing will be **CONTINUED** from **January 26, 2010** to **February 23, 2010**.

    d. a further hearing will be held on **February 23, 2010** to consider whether the automatic stay as to Residential should be maintained or lifted or further conditioned.

**Date: January 7, 2010**

                                       **ERIC L. FRANK**
                                       **U.S. BANKRUPTCY JUDGE**